**Hector ALVARADO–MOLINA, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 05–60710.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 2, 2006.

Hector Alvarado–Molina, Big Spring, TX, pro se.

Thomas Ward Hussey, Director, Linda Susan Wendtland, U.S. Department of Justice Office of Immigration Litigation, John S. Hogan, Edward C. Durant, U.S. Department of Justice Civil Division Immigration Litigation, Washington, DC, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office,

---

**24.** 20 C.F.R. § 404.1529(b); Social Security Ruling 96–7p.

**25.** *Id.*

**26.** *Chambliss v. Massanari,* 269 F.3d 520, 522 (5th Cir.2001).

**27.** *Id.*

**28.** *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir.1988).

New Orleans, LA, Robert Avila, U.S. Immigration & Naturalization Service, Huntsville, TX, for Respondent.

Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, pro se.

Before BENAVIDES, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Hector Alvarado–Molina has filed a petition for review of a final order of the Board of Immigration Appeals (BIA) affirming the denial of his motion to reopen his 1999 removal proceedings. He argues that the BIA should have reopened his 1999 removal proceedings because although the immigration judge in the 1999 proceedings found his theft conviction rendered him statutorily ineligible for a waiver of removal, the subsequent decision of *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), clarified that he was eligible for such relief under former Immigration and Nationality Act § 212(c), former 8 U.S.C. § 1182(c). Specifically, he argues that the 1999 removal proceedings violated his due process rights.

Alvarado–Molina's due process claim, which we review de novo, is without merit. *See Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir.1993); *United States v. Lopez–Ortiz*, 313 F.3d 225, 230–31 (5th Cir.2002). Alvarado–Molina has not otherwise shown that the BIA's denial of his motion to reopen was an abuse of discretion. *See Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir.2000); *see also Navarro–Miranda v.*

*Ashcroft*, 330 F.3d 672, 674–76 (5th Cir. 2003). The petition for review is DENIED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.